

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00096-CR

JACKIE FARLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2013-400,142, Honorable William R. Eichman II, Presiding

September 28, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Jackie Farley, appeals from his conviction for Driving While Intoxicated (DWI). As expressed through his sole issue, he believes the evidence is legally insufficient to support the jury's finding that he had lost the normal use of his mental or physical faculties while operating a motor vehicle. That is, "evidence of his intoxication was, on the whole, relatively weak." This was purportedly so because it generally consisted of "one out of a possible twenty-four cues of intoxication during the driving phase of [the] investigation, the presence of the *legal* odor of alcohol, a traffic infraction characterized as 'common' and subjective FST [field sobriety tasks] are *why* [appellant]

was arrested and ultimately *how* he was convicted." (Emphasis in original). So, in his view, the State did not prove he lacked the normal use of his mental or physical faculties due to the introduction of alcohol. We affirm.

*Standard of Review*

Claims of legal insufficiency are reviewed under the standard discussed in *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Per that standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Id.* In making that determination, we are to remember that not only is circumstantial evidence as probative as direct evidence in establishing guilt, but also that circumstantial evidence alone may be enough to prove culpability. *Id.* So too must the court recognize that the jury or factfinder is the sole judge of credibility and weight to be attached to the testimony of witnesses, and where the record supports conflicting inferences, we both presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Id.* Finally, each bit of evidence upon which guilt is premised "need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Id.*

*Elements of the Crime*

Next, to have secured a conviction, the State would have had to prove that appellant was intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2014). Intoxication can be established via one of two ways. For instance, one can be shown to be intoxicated if he did not have "the normal use of mental or physical faculties by reason of the introduction of alcohol, a

2

controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011). Or, he may be intoxicated if his blood alcohol concentration is "0.08 or more." *Id.* § 49.01(2)(B). Since appellant's blood alcohol concentration was not measured, the former way of proving intoxication was utilized at bar.

*Application*

The appellate record before us contains the following evidence. Texas Department of Public Safety Trooper Corey Kernell (Kernell) testified that he was on duty and sitting at an intersection when he observed a vehicle traveling at a high rate of speed about to run a stop sign. The driver "applied the brakes and slid partially through the intersection, stopping past the white line." This led the trooper to stop the vehicle. At that point, he 1) encountered appellant driving the car and 2) noticed that appellant ". . . had a strong odor of alcoholic beverage coming from his breath . . . red, glassy, bloodshot eyes and . . . slurred speech." These circumstances caused the trooper to subject appellant to field sobriety testing. As appellant exited the car to undergo the testing, appellant had to use the vehicle for support or balance, according to the trooper.

While administering the test, the trooper observed that appellant 1) was slow to respond to his directions, 2) had to be told several times to move back towards the officer's vehicle, 3) exhibited six clues purportedly indicative of intoxication when subjected to the Horizontal Gaze Nystagmus (HGN) part of the test, 4) exhibited seven of eight clues indicative of intoxication when he performed the "walk-and-turn" test, those clues being his use of his arms for balance, stepping off the line, missing heel to toe juxtaposition while taking his steps, taking an improper amount of steps, stopping while taking steps and making an improper turn, 5) exhibited four clues indicative of

3

intoxication when asked to perform the one-leg stand, which clues consisted of swaying, using arms for balance, hopping, and placing his raised foot back on the ground to gain balance, and 6) failed to recite the alphabet when asked. The non-HGN testing was captured on a video, which video was subsequently admitted into evidence at trial. The substance captured on the video confirmed, in many respects, the trooper's description of appellant's performance on the tests. Also captured on the video is appellant's admission that he had ingested two or three drinks.

Evidence of intoxication includes such indicia as 1) slurred speech, 2) bloodshot eyes, 3) the odor of alcohol on the person, 4) the odor of alcohol on the breath, 5) unsteady balance, and 6) a staggered gait. *Ubesie v. State*, 379 S.W.3d 371, 376 (Tex. App.—Amarillo 2012 no pet.); *Harris v. State*, 204 S.W.3d 19, 25 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Such indicia were present here. So too had appellant come to an abrupt halt at the stop sign and been drinking (by his own admission.) This evidence provided basis upon which a rational trier of fact could have found, beyond reasonable doubt, that appellant had lost the normal use of mental or physical faculties by reason of the introduction of alcohol. And while other evidence may have supported a different determination, the jury was free to discount that evidence. Again, the task of resolving evidentiary conflicts lay with it, and we must defer to its decision.

Appellant's sole issue is overruled, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.